KNOX, LEMMON, ANAPOLSKY & SCHRIMP, LLP
THOMAS S. KNOX, SB # 073384
STEPHEN J. BYERS, SB # 245607
300 Capitol Mall, Suite 1125
Sacramento, CA 95814
Telephone: (916) 498-9911
Facsimile: (916) 498-9991
Email: sbyers@klalawfirm.com

Attorneys for Plaintiff MANBINDER SINGH MINHAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANBINDER SINGH MINHAS, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TOM VILSACK, in his capacity as Secretary of the United States Department of Agriculture | |
| Defendant. | |

Plaintiff, MANBINDER SINGH MINHAS, an individual ("Plaintiff"), as owner of Dawes Wine & Spirits, complaining of the United States Department of Agriculture, upon information and belief, alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought under 7 U.S.C. § 2023 to seek de novo review of an administrative determination of Defendant TOM VILSACK, in his capacity as Secretary of the United States Department of Agriculture ("Defendant"), to disqualify Plaintiff from participating in the Supplemental Nutrition Assistance Program for six months.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law.

3. Venue is proper because the acts complained of herein occurred in Sacramento and Rancho Cordova, California which are in the Eastern District of California, which is also Plaintiff's place of residence.

**PARTIES**

4. During all times relevant and material to this complaint, Plaintiff was, and still is, the owner of Dawes Wine & Spirits, doing business at 2724 Dawes Street, Rancho Cordova, California 95670 within the jurisdiction of this Court.

5. During all times relevant and material to this case, Defendant is, and was, the Secretary of the United States Department of Agriculture.

**FULFILLMENT OF ADMINISTRATIVE PREREQUISITES**

6. Plaintiff has complied with all conditions precedent for the filing of this action. Plaintiff has exhausted his administrative remedies and will be disqualified from participation in the Supplemental Nutrition Assistance Program on or about December 11, 2011 if this action is not filed.

7. It has been less than thirty (30) days since the Plaintiff's final appeal was denied by Defendant.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. On or about September 1, 2011, Plaintiff received a letter dated August 31, 2011 from Jocelyn Keh, Officer-In-Charge, Sacramento Field Office, Food and Nutrition Service ("FNS"), which stated that Plaintiff was in violation of Supplemental Nutrition Assistance Program regulations in that Plaintiff made ineligible sales of common non-food items. FNS enclosed a copy of its Investigation Report with Ms. Keh's letter. The August 31 letter states that the alleged violations noted in the Investigation Report warrant either a six-month disqualification or imposition of a civil money penalty instead of disqualification.

9. The Investigation Report describes five alleged visits made by an FNS investigator to Plaintiff's store on February 1, February 14, February 22, March 14, and April 4, 2011.

10. The Investigation Report states that during the first site visit on February 1, 2011, Plaintiff's clerk sold the following items to the FNS undercover investigator: (a) 1 box of Penley forks

1  (24 count); (b) 1 box of Penley spoons (24 count); (c) 1 Chore Boy sponge; (d) 3 bags of chips; and (e) 2 cups of soup.

3  11. The Investigation Report states that during the second site visit on February 14, 2011, Plaintiff's clerk sold the following items to the FNS undercover investigator: (a) 2 boxes of Penley cutlery (24 count); (b) 3 bags of chips; and (c) 2 cups of soup. The FNS investigator also attempted to purchase a box of matches using Supplemental Nutrition Assistance Program benefits. However, Plaintiff's clerk refused to make the sale.

8  12. The Investigation Report states that during the third site visit on February 22, 2011, Plaintiff's clerk sold the following items to the FNS undercover investigator: (a) 2 boxes of Penley cutlery (24 count); (b) 1 Chore Boy sponge; (c) 3 bags of chips; and (d) 2 cups of soup.

11 13. The Investigation Report states that during the fourth site visit on March 14, 2011, Plaintiff's clerk sold the following items to the FNS undercover investigator: (a) 2 boxes of Penley cutlery (24 count); (b) 1 Chore Boy sponge; (c) 3 bags of chips; and (d) 2 cups of soup. The investigator attempted to purchase a box of matches using Supplemental Nutrition Assistance Program benefits. However, the clerk refused to make the sale.

16 14. The Investigation Report states that during the fifth site visit on April 4, 2011, Plaintiff's clerk sold the following items to the FNS undercover investigator: (a) 3 bags of chips; and (b) 2 cans of sausage. The investigator attempted to purchase a bottle of wine using Supplemental Nutrition Assistance Program benefits. However, Plaintiff's clerk refused to make the sale. In addition, the investigator asked for cash using the Supplemental Nutrition Assistance Program benefits card. Plaintiff's clerk refused to give the investigator the cash.

22 15. On September 12, 2011, Plaintiff and his attorney attended an administrative review hearing before Jeffrey Sparman, an FNS employee at the Sacramento Field Office. At the end of the hearing, Plaintiff's attorney gave Mr. Sparman a nine-page letter (with enclosures) summarizing Plaintiff's position relating to FNS's decision to disqualify Plaintiff's store from Supplemental Nutrition Assistance Program participation for six months.

27 16. On or about September 30, 2011, Plaintiff received a second letter from Ms. Keh dated

3
COMPLAINT

September 29, 2011 disqualifying Plaintiff for six months from Supplemental Nutrition Assistance Program participation and advising Plaintiff of his right to request a review of the decision.

17. On October 5, 2011, Plaintiff filed a written request for review, pursuant to 7 U.S.C § 2023 and 7 C.F.R. § 279.1, of FNS's decision to impose a six-month disqualification on Plaintiff. In his request for review, Plaintiff also notified Defendant that, pursuant to 7 C.F.R. § 279.3(b), Plaintiff would file additional information in support of his request for review.

18. On or about October 6, 2011, Douglas G. Perry, the Administrative Review Officer assigned to Plaintiff's request for review, sent Plaintiff's counsel a letter confirming receipt of Plaintiff's October 5, 2011 request for review and granting Plaintiff three weeks to provide additional information pursuant to 7 C.F.R. § 279.3(b).

19. On October 25, 2011, Mr. Perry extended Plaintiff's deadline to submit additional information pursuant to 7 C.F.R. § 279.3(b) to November 7, 2011.

20. On November 4, 2011, Plaintiff's counsel sent Mr. Perry an Administrative Review Brief, Declarations and a cover letter in support of Plaintiff's request for review.

21. On or about November 8, 2011, Mr. Perry wrote to Plaintiff's counsel denying Plaintiff's appeal and stating that Plaintiff had thirty days from receipt of Mr. Perry's letter to seek judicial review of Mr. Perry's decision.

22. Plaintiff has been eligible to transact Supplemental Nutrition Assistance Program sales for more than two years, since approximately August or September 2009, without ever receiving any warning from FNS. Plaintiff has not been cited for any prior SNAP violations.

23. The Investigation Report allegedly shows that the investigator made five trips to Plaintiff's store and was only successful in purchasing ineligible items on four occasions. These sales were not due to Plaintiff's carelessness or poor supervision as evidenced by the fact that on February 14 the clerk refused to sell matches and on April 4 refused to sell liquor or give the undercover agent cash back on his Supplemental Nutrition Assistance Program benefits card. Thus it clearly is not Plaintiff's store policy to sell items violative of Supplemental Nutrition Assistance Program regulations.

24. The Investigation Report shows that the ineligible items allegedly purchased on each occasion were for plastic cutlery and sponges. Based on a 25% price markup, Plaintiff would have made a negligible profit of $4.97 on the non-eligible items sold.

25. Plaintiff will suffer irreparable damage and untold hardship if this disqualification is upheld in that approximately 8.5 - 9.0% of Plaintiff's annual revenue from his store comes from Supplemental Nutrition Assistance Program transactions.

## FIRST CAUSE OF ACTION

### Six-Month Disqualification is Arbitrary & Capricious

(7 U.S.C. §§ 2021 & 2023; 7 C.F.R. § 278.6(e)(5))

26. Plaintiff repeats and re-alleges paragraphs 1 through 25, inclusive, as if fully stated herein.

27. Defendant's decision to disqualify Plaintiff from the Supplemental Nutrition Assistance Program for six months is arbitrary and capricious and violates Defendant's own regulations.

28. Defendant's decision to disqualify Plaintiff from the Supplemental Nutrition Assistance Program for six months violates 7 C.F.R. § 278.6(e)(5) because such decision is not supported by evidence that Plaintiff's alleged sale of common nonfood items was due to carelessness or poor supervision by ownership or management.

Wherefore Plaintiff prays for relief as hereinafter stated.

## SECOND CAUSE OF ACTION

### Failure to Issue Warning Letter

(7 U.S.C. §§ 2021 & 2023; 7 C.F.R. § 278.6(e)(7))

29. Plaintiff repeats and re-alleges paragraphs 1 through 28, inclusive, as if fully stated herein.

30. Defendant's decision to find Plaintiff ineligible for issuance of a warning letter in lieu of disqualification violates 7 C.F.R. § 278.6(e)(7) because the alleged violations at issue are too limited to warrant a disqualification.

Wherefore Plaintiff prays for relief as hereinafter stated.

## THIRD CAUSE OF ACTION

### Failure to allow Civil Money Penalty

(7 U.S.C. §§ 2021 & 2023; 7 C.F.R. § 278.6(f))

31. Plaintiff repeats and re-alleges paragraphs 1 through 30, inclusive, as if fully stated herein.

32. Defendant's decision to find Plaintiff ineligible for a civil money penalty in lieu of disqualification violates 7 C.F.R. § 278.6(f) because Plaintiff's store is selling a substantial variety of staple food items, and Plaintiff's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

Wherefore Plaintiff prays for relief as hereinafter stated.

## FOURTH CAUSE OF ACTION

### Temporary Stay of Six-Month Disqualification

(7 U.S.C. § 2023(a)(17))

33. Plaintiff repeats and re-alleges paragraphs 1 through 32, inclusive, as if fully stated herein.

34. Plaintiff is entitled to a temporary stay of the pending six-month Supplemental Nutrition Assistance Program disqualification on the ground that Plaintiff is likely to prevail on the merits of the de novo review of the Defendant's administrative action. Furthermore, Plaintiff will suffer irreparable injury if enforcement of the six-month SNAP disqualification proceeds on or about December 11, 2011.

WHEREFORE, Plaintiff prays for a judgment and order of this court:

1. Ordering Defendant to stay execution of its decision to disqualify plaintiff from the Supplemental Nutrition Assistance Program for six months and enjoining the implementation of the threatened disqualification;

2. Ordering Defendant to reinstate Plaintiff in the Supplemental Nutrition Assistance Program immediately;

6
COMPLAINT

3. Ordering Defendant to impose a civil money penalty in lieu of disqualification if the court deems any such penalty is just and proper;

4. Ordering Defendant to issue Plaintiff a warning letter in lieu of disqualification if the court deems any such penalty is just and proper;

5. For reasonable costs;

6. For reasonable attorneys' fees; and

7. Any such further relief as the Court may deem just and proper.

Dated: December 1, 2011         KNOX, LEMMON, ANAPOLSKY & SCHRIMP, LLP


By:  /s/ Stephen J. Byers
     STEPHEN J. BYERS
     Attorneys for Plaintiff MANBINDER SINGH MINHAS